## Gray Coal Company, Appellee, v. Danville, Urbana & Champaign Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. Kimbrough, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed May 26, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action in case by the Gray Coal Company against the Danville, Urbana & Champaign Railway Company to recover damages to a coal mine and machinery alleged to have been caused by the construction and maintenance of a railroad bridge over a stream about one-half mile below appellee's property, with bents and piling so closely together as to make an obstruction, which permitted an ice gorge to form and caused the water to overflow the river's banks and flood the appellee's mine. There was a verdict and judgment against appellant for $5,000, from which it appeals.

The court refused to permit appellant to show a conversation had before the overflow in question with the managers of appellee company in regard to there being no levee across the end of the strip mine to protect it from overflow.

A witness testified for the appellee as an expert that appellant's bridge was insufficient to take care of ice and water at a time when ice was going out of the stream. He testified that he was a civil engineer; that upon his graduation from a technical college he became bridge draftsman in the engineering department of the city of Chicago; that he was promoted to engineer in charge of bridges; that he was subsequently advanced to the position of superintendent of bridges in that city, which position he held for ten years; that after he left the employment of the city he entered into the bridge construction business in which he had been engaged for over ten years. He thereafter gave substantially the same answer to a hypothetical question to which no objection was interposed or motion made to exclude the answer.

The court permitted the appellee to amend its declaration after verdict so as to correspond with the evidence at the trial, which did not change the theory on which the case was tried.

The reasonableness of the verdict was not questioned in the appellant's original brief, but was first raised in its reply brief, and also in its petition for a rehearing.

CHARLES TROUP and H. M. STEELY, for appellant; GEORGE W. BURTON, of counsel.

ACTON & ACTON, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 348*—*evidence in action for obstructing stream.* In an action against a railway company for the flooding of a mine as the result of the piling and bents of a bridge being placed so closely together in a stream as to permit an ice gorge to form, the defendant cannot show a conversation had with the manager of the mine previous to the overflow, with regard to the absence of levees across the end of the mine strip to protect it from the water.

2. RAILROADS, § 333a*—*when landowner bound to anticipate overflow of stream from obstruction.* A mining company is not obliged to anticipate the flooding of a mine from the negligence of a railway company in placing the piling and bents of a bridge so closely together as to cause an ice gorge to form in a stream.

3. RAILROADS, § 333a*—*when landowner must minimize damages from overflow of stream.* After the overflow of a stream as the result of the negligence of a railway company in placing the piling and bents of a bridge so closely together as to permit an ice gorge to form in a stream, it is the duty of a mine owner to make his loss as light as possible from the overflow flooding his mine.

4. RAILROADS, § 348*—*when witness qualified to give opinion as to obstruction of stream.* A witness *held* qualified as an expert to testify as to the sufficiency of a railway bridge to care for ice and water when the ice was going out from a stream.

5. APPEAL AND ERROR, § 550*—*when appellant limited to objections made in trial court.* Where the testimony of a witness was admitted over an objection that he had not qualified as an expert, the fact that his testimony was objectionable on other grounds will not be considered on appeal.

6. APPEAL AND ERROR, § 1618*—*when error cured by subsequent admission of evidence without objection.* Where the opinion of a witness was admitted over an objection that he had not qualified as an expert, any error therein becomes harmless when the witness afterwards is permitted, without objection or a motion to strike out his answer, to give substantially the same testimony in answer to a hypothetical question.

7. APPEAL AND ERROR, § 1100*—*questions raised in reply brief.* The question whether a verdict is excessive will not be considered on appeal when raised for the first time in the appellant's reply brief.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.